SCOTT M. VOELZ (S.B. #181415)
svoelz@omm.com
DANIEL J. FARIA (S.B. #285158)
dfaria@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

Attorneys for Defendants
Millennium Products, Inc. and
George Thomas "GT" Dave

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

NINA PEDRO, *et al.*,

Plaintiffs,

v.

MILLENNIUM PRODUCTS, Inc., *et al.*

Defendants.

Case No. 2:16-CV-03780-PSG-AJW

**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Judge: Hon. Philip S. Gutierrez
Hearing Date: August 22, 2016
Hearing Time: 1:30 p.m.

Complaint Filed: December 21, 2015
Trial Date: Not Set

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on August 22, 2016 at 1:30 p.m., or as soon thereafter as this Motion may be heard in Courtroom 880 of the above-entitled court, located at the Edward R. Roybal Federal Building, 255 E. Temple Street, Los Angeles, California 90012, defendants Millennium Products, Inc. and George Thomas "GT" Dave (collectively, "Millennium") will and hereby do move to dismiss plaintiffs' First Amended Class Action Complaint.

This Motion is made following conferences of counsel pursuant to Local Rule 7-3, which took place on June 22, 2016 and June 23, 2016.

This Motion is made pursuant to Federal Rules of Civil Procedure 8(a), 9(b), 12(b)(1), and 12(b)(6) on the following grounds:

1. Plaintiffs have failed to plead their claims, which sound in fraud, with the particularity required by Federal Rule of Civil Procedure 9(b) or, in the alternative, have failed to provide a short and plain statement of their claims showing that they are entitled to relief as required by Federal Rule of Civil Procedure 8(a).
2. Plaintiffs lack Article III standing to assert claims for injunctive relief.

This Motion is based on this Notice of Motion and Motion, the entire file in this matter, and such other matters, both oral and documentary, incorporated in the Complaint by reference or as may properly come before the Court.

Dated: June 24, 2016

O'MELVENY & MYERS LLP

By: Scott M. Voelz
Scott M. Voelz
Attorneys for Defendants
Millennium Products, Inc. and
George Thomas "GT" Dave

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. LEGAL STANDARD ........ 2

III. ARGUMENT ........ 3

  A. Plaintiffs Fail to Meet Rule 8(a) and 9(b) Pleading Requirements. ........ 3

  B. Plaintiffs Lack Article III Standing to Seek Injunctive Relief. ........ 7

IV. CONCLUSION ........ 9

## TABLE OF AUTHORITIES

**Page**

**CASES**


*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 3

*Bates v. UPS*, 511 F.3d 974 (9th Cir. 2007) .......... 8

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) .......... 2

*Bird v. First Alert, Inc.*, 2014 U.S. Dist. LEXIS 176390 (N.D. Cal. Dec. 19, 2014) .......... 8

*D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031 (9th Cir. 2008) .......... 7

*Dabish v. Infinitelabs, LLC*, 2014 U.S. Dist. LEXIS 131124 (S.D. Cal. Sept. 17, 2014) .......... 7

*Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964 (N.D. Cal. 2014) .......... 8

*Destfino v. Kennedy*, 2009 WL 63566 (E.D. Cal. Jan. 8, 2009) .......... 6

*Gauvin v. Trombatore*, 682 F. Supp. 1067 (N.D. Cal. 1988) .......... 6

*Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437 (M.D. Fla. 1998) .......... 6

*Hodgers-Durgin v. De la Vina*, 199 F.3d 1037 (9th Cir. 1999) .......... 9

*In re Stacs Elecs. Sec. Litig.*, 89 F.3d 1399 (9th Cir. 1996) .......... 3

*In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427 (N.D. Cal. 1988) .......... 6

*Kearns v. Ford Motor Co.*, 567 F.3d 1120 (9th Cir. 2009) .......... 3

*Maya v. Centex Corp.*, 658 F.3d 1060 (9th Cir. 2011) .......... 2

*Moore v. Kayport Package Express, Inc.*, 885 F.2d 531 (9th Cir. 1989) .......... 6

*Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*, 38 F. Supp. 2d 1158 (C.D. Cal. 1998) .......... 6

## TABLE OF AUTHORITIES
## (continued)

**Page**

*Retta v. Millennium Prods.*,
Case No. 15-cv-1801 PSG (AJWx) (C.D. Cal. Aug. 31, 2015 ................. 5, 7, 8, 9

*Ries v. Ariz. Beverages USA LLC*,
287 F.R.D. 523 (N.D. Cal. 2012) ............................................................ 8

*Samet v. Procter & Gamble Co.*,
2013 WL 3124647 (N.D. Cal. June 18, 2013) ...................................... 4, 5

*Savage v. Glendale Union High Sch.*,
343 F.3d 1036 (9th Cir. 2003) ................................................................ 2

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .................................................................. 6

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) .............................................................. 3, 4

**RULES**

Fed. R. Civ. P. 12(b)(1) ................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ................................................................................ 2

Fed. R. Civ. P. 8(a) ................................................................................ 2, 6, 7

Fed. R. Civ. P. 9(b) ............................................................................ *passim*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Millennium Products, Inc. ("Millennium") is the maker of the popular "GT's" line of fermented tea beverages. Millennium's goal is to introduce consumers to ancient tea recipes with a modern twist.

Plaintiffs Nina Pedro and Rosalind Lewis are residents of California and Washington. Miss Pedro alleges that she purchased unspecified Millennium products at Whole Foods over the past three years. Miss Lewis alleges that, in December 2014, she purchased a single bottle of an unspecified Millennium product. On the basis of these purchases, on November 17, 2015, plaintiffs filed this putative, nationwide class action against Millennium Products, the CEO of Millennium Products, and one of Millennium's retail customers (Whole Foods), asserting claims under California's consumer protection laws. Plaintiffs filed a First Amended Complaint ("FAC") on December 21, 2015.

Defendants expect to establish that the claims asserted in the FAC are meritless. All of Millennium's products are properly labeled, packaged, and sealed. However, a dismissal order is warranted now because the FAC is fatally vague and seeks relief to which plaintiffs are not entitled.

As an initial matter, plaintiffs do not plead their claims with the particularity required by Rule 9(b). First, plaintiffs do not allege which specific products they purchased or when they purchased these products, leaving defendants unable to ascertain which products may or may not be at issue in this action. Millennium sells kombucha products within several different product lines, and of several different flavors, all of which have different formulations and contain differing combinations of ingredients in different quantities, which bears directly on the purported fermentation rates and alcohol content of the products.

Further, despite filing a thirty-six-page complaint, a great portion of which contains pasted excerpts from Facebook, plaintiffs do not provide a single, coherent

explanation as to how they believe they were injured by kombucha and what remedies plaintiffs believe they are entitled to, including whether this action is a personal injury action or a food labeling action. Defendants cannot reasonably be expected to mount an appropriate defense if plaintiffs are unable to put forward a consistent theory as to how they were injured.

Additionally, plaintiffs, all asserting claims as to Millennium Products, the CEO of Millennium Products, and Whole Foods, do not specify which fraudulent conduct they allege to be attributable to each defendant. This is insufficient under both Rule 9(b)and the basic pleading requirements of Rule 8(a) which bar plaintiffs from lumping together claims sounding in fraud and asserting them against a group of "Defendants."

Additionally, plaintiffs lack standing to seek injunctive relief where, as here, they do not allege that they will purchase the accused products again.

Millennium respectfully seeks an order dismissing all of plaintiffs' claims for failure to comply with Rule 9(b) and Rule 8(a) and, additionally, dismissing all of plaintiffs' claims for injunctive relief for lack of Article III standing.

## II. <u>LEGAL STANDARD</u>

Defendants may challenge a claim through a motion to dismiss when a court lacks subject matter jurisdiction or when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(1), 12(b)(6). A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) should be granted if the complaint fails to allege facts sufficient to establish subject matter jurisdiction. *See Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). A plaintiff's lack of Article III standing requires dismissal for lack of subject matter jurisdiction. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2011).

Under Rule 12(b)(6), a court should dismiss a complaint that does not set forth sufficient facts to establish the elements of a claim and is not "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court need not

accept conclusory allegations, unreasonable inferences, or legal conclusions set out in the form of factual allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009). Fraud-based claims must go further and be pled with particularity under Rule 9(b). Plaintiff must describe the allegedly fraudulent statement, and state in detail who made the statement, where and when it was made, that it was false when made, and how it was false. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).

## III. ARGUMENT

### A. Plaintiffs Fail to Meet Rule 8(a) and 9(b) Pleading Requirements.

All of plaintiffs' claims sound in fraud and must meet the particularity requirements of Federal Rule of Civil Procedure 9(b). Thus, the FAC must "set forth an explanation as to why the statement or omission complained of was false or misleading," and facts showing "the statement or omission [was] false or misleading when made." *In re Stacs Elecs. Sec. Litig.*, 89 F.3d 1399, 1404 (9th Cir. 1996); *see also Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003) (Rule 9(b) applies to entire complaint when all claims asserted sound in fraud). The FAC does not provide a coherent explanation of how plaintiffs allege they were injured, or what remedies plaintiffs seek, and utterly fails to meet this standard.

At the threshold, plaintiffs do not plead with particularity which products they purchased and when they purchased these products. (FAC ¶¶ 4-9.) Millennium sells several dozen varieties of kombucha to Whole Foods within multiple product lines, yet plaintiffs allege only that they purchased Millennium "kombucha" from Whole Foods. (*Id.* ¶¶ 5, 10.) Plaintiffs do not specify which kombucha products they purchased, in what flavor, or the date when any products were purchased. This lack of basic detail renders it impossible to determine which products need to be defended in this action and to what extent.

These omissions render the FAC fatally vague. All of the details that plaintiffs have omitted from the FAC bear directly on which labels and products are implicated in this dispute and the defenses that will need to be asserted. The labels

and formulation for each of Millennium's products, and their alcohol content, during the proposed class period vary by line, flavor, and time. This lack of clarity runs afoul of Rule 9(b). *See, e.g.*, *Samet v. Procter & Gamble Co.*, 2013 WL 3124647, at *8-9 (N.D. Cal. June 18, 2013) (dismissing food labeling claims on 9(b) grounds where plaintiffs failed to plead which specific products they accused).

The FAC should also be dismissed on Rule 9(b) grounds because it fails to allege a coherent theory as to ***how*** plaintiffs were deceived. *Vess*, 317 F.3d at 1107 (a plaintiff asserting consumer protection claims must state in detail how a defendant's conduct was deceptive). Plaintiffs' explanation as to how they were injured is all over the map.

At some points, plaintiffs appear to allege that excessive carbonation in kombucha caused pecuniary damages to personal property, including purses and handbags. (FAC ¶¶ 5-7.) At other points, plaintiffs allege that they suffered personal injuries as a result of consuming kombucha products. (*Id.* ¶ 11 ("Plaintiff LEWIS consumed some of Defendants' kombucha and immediately became sick and experienced, among other things, trouble breathing, and increased heart rate.").) And still, at other points, plaintiffs appear to characterize this case as a food labeling case concerning purported failures to warn consumers that Millennium products allegedly contain more than 0.5% alcohol by volume. (*Id.* ¶¶ 2(e), 146 (alleging that plaintiff Lewis reasonably relied on allegedly false labeling statements that Millennium products contain only trace amounts of alcohol).)

Although, at times, the FAC sounds in tort, speaking in terms of product defects and proximate causation (FAC ¶¶ 37-44), it at other points appears to be a product labeling case concerning alcohol warnings duplicative of another case pending before this Court—*Retta v. Millennium Products*, Case No. 15-cv-1801 PSG (AJWx) (C.D. Cal. Aug. 31, 2015). A significant portion of the FAC (some 15 pages) consists only of copied and pasted excerpts of consumer complaints. But at no point do plaintiffs clarify whether this is a personal injury case, a property

damage case, or a food labeling case, or for what type of pecuniary loss they seek redress. This confusion renders it impossible to discern what, if anything, this case is about, such that the FAC is impermissibly vague under Rule 9(b). *See, e.g.*, *Samet*, 2013 WL 3124647, at *8-9 (dismissing claims under Rule 9(b) for failure to allege how statements were misleading apart from purported FDCA violations).

*Samet* is analogous to the present case. In *Samet*, plaintiffs alleged that several terms used on Procter & Gamble food products—including "0g Trans Fat" and "evaporated cane juice"—violated FDA regulations and therefore misled consumers. 2013 WL 3124647, at *8. The court rejected this argument and dismissed plaintiffs' claims under Rule 9(b), noting that plaintiffs were required to allege more than their legal conclusion that the labels at issue violated FDA regulations or were "misbranded" under the FDCA. *Id.* at *8-9. Here too, plaintiffs assert various incoherent theories of misconduct without actually specifying the particular injuries this case addresses. But Millennium cannot be expected to respond to the FAC if plaintiffs do not know what it is about.

The FAC is fatally vague under Rule 9(b) on the additional ground that, although plaintiffs purport to assert claims against Millennium Products, the CEO of Millennium Products, and one of Millennium's retail customers (Whole Foods), they do not actually specify which, if any, fraudulent conduct alleged in the FAC is attributable to each defendant. Instead, plaintiffs use the omnibus term "Defendants" and proceed to attribute all factual allegations in the FAC as to all Defendants. (*See, e.g.*, FAC ¶¶ 14, 36-37 (alleging that all defendants, including Whole Foods, label Millennium products and advertise Millennium products on Millennium's website). But this approach is precluded by Rule 9(b).

Specifically, when suing multiple defendants for fraud, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Ctrs. of Am., Inc.*, 38 F. Supp.

2d 1158, 1163 (C.D. Cal. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F. Supp. 1427, 1433 (N.D. Cal. 1988)). Rule 9(b) does not allow a complaint to "merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant ... and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (quoting *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). Accordingly, in the context of a fraud suit involving multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. *Swartz*, 476 F.3d at 765 (quoting *Moore v. Kayport Package Express, Inc*., 885 F.2d 531, 541 (9th Cir. 1989)). Plaintiffs have not done so here.

Indeed, Plaintiffs' scattershot pleading approach even runs afoul of the basic, threshold pleading requirements of Rule 8(a). Where a plaintiff sues multiple defendants and sets forth multiple causes of action, that plaintiff "must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them." *Gauvin v. Trombatore*, 682 F. Supp. 1067, 1071 (N.D. Cal. 1988). Complaints that allege wholesale that "everyone did everything" fail to comply with Rule 8(a). *Destfino v. Kennedy*, 2009 WL 63566, at *8 (E.D. Cal. Jan. 8, 2009) (dismissing complaint for generally alleging "Defendants" throughout when there were eight defendants). Plaintiffs fall well short of this standard by attributing all conduct alleged in the FAC to an umbrella group of "Defendants" but failing to specify which particular acts are alleged to be attributable to Millennium, its CEO, or Whole Foods.

Because plaintiffs have failed to plead their fraud-based claims with the particularity required by Rule 9(b), or even the basic detail required by Rule 8(a), all of their claims should be dismissed.

**B. <u>Plaintiffs Lack Article III Standing to Seek Injunctive Relief.</u>**

In addition to dismissing all of plaintiffs' claims for failure to comply with Rule 9(b), the Court should dismiss plaintiffs' claims for injunctive relief. (FAC ¶¶ 125(c), 132, 141, 144, 147, 65, p. 31:3.) The FAC seeks injunctive relief but fails to allege that plaintiffs intend to purchase the accused products again in the future. Plaintiffs instead allege that they never would have bought these products had they known that they purportedly contained more alcohol than declared. (*Id.* ¶¶ 14, 120, 146(a).) These allegations preclude plaintiffs from seeking injunctive relief because plaintiffs lack Article III standing to seek such relief absent a showing that they are interested in purchasing the accused products again. *See, e.g.*, Order Denying in Part and Granting in Part Motion to Dismiss and Denying Motion to Strike, *Retta*, Dkt. No. 25, at *16-18 (dismissing claims for injunctive relief in related beverage labeling case brought against Millennium where plaintiffs failed to allege an intent to purchase accused beverages again in the future); *Dabish v. Infinitelabs, LLC*, 2014 U.S. Dist. LEXIS 131124, at *11-14 (S.D. Cal. Sept. 17, 2014) (dismissing CLRA, UCL, and FAL claims where plaintiff failed to show intention of purchasing accused dietary supplements again).

Plaintiffs bear the burden of demonstrating that Article III standing requirements are met. *D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1036 (9th Cir. 2008). To demonstrate that they have Article III standing to seek injunctive relief, plaintiffs must demonstrate that they have suffered or are threatened "with a concrete and particularized legal harm" coupled with a sufficient likelihood that they "will again be wronged in a similar way." *Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (quotations omitted). This is because a plaintiff lacks standing to seek prospective injunctive relief where that plaintiff has no intention of purchasing an allegedly misbranded product again in the future. *Retta*, Dkt. No. 25, at *16-18; *see also Bird v. First Alert, Inc.*, 2014 U.S. Dist. LEXIS 176390, at *12 (N.D. Cal. Dec. 19, 2014) ("A plaintiff who has no intention of purchasing a

product in the future has no standing to seek prospective injunctive relief.”).

Some courts have found that a plaintiff may have Article III standing to seek injunctive relief where that plaintiff may purchase a product again if it is correctly advertised. *See, e.g.*, *Ries v. Ariz. Beverages USA LLC*, 287 F.R.D. 523, 533-34 (N.D. Cal. 2012). These cases do not apply here. Plaintiffs object to a characteristic of Millennium products—their alleged alcohol content—and not just their labeling or advertising, such that their future purchase decisions would not be affected by corrective action. They thus lack standing to assert claims for injunctive relief. *See, e.g.*, *Retta*, Dkt. No. 25, at *16-18 (dismissing claims for injunctive relief where plaintiffs did not allege a future intent to purchase Millennium products as currently formulated); *Davidson v. Kimberly-Clark Corp.*, 76 F. Supp. 3d 964, 969-70 (N.D. Cal. 2014) (no injunctive relief where product could never perform as desired).

*Davidson* is instructive. There, a plaintiff alleged she was misled into purchasing cleaning wipes that were advertised as “flushable” that were not in fact flushable. 76 F. Supp. 3d at 966. Because the plaintiff wished to avoid purchasing products that could not be flushed, the court dismissed her claims for injunctive relief because there was no corrective action (labeling changes or corrective advertising) that could make her purchase the product again. *Id*. at 969-70. The same is true here. Plaintiffs allege that the kombucha products at issue in the present case, due to fermentation in the current formulation of the products, purportedly leak or contain alcohol in excess of that allowed for non-alcoholic beverages. (*See, e.g.*, FAC ¶ 40.) This means that there is no corrective labeling or advertising sufficient to make plaintiffs purchase the accused products again.

This Court adopted the logic of *Davidson* and dismissed claims for injunctive relief asserted against Millennium in a related case. *Retta*, Dkt. No. 25, at *16-18. The plaintiffs in *Retta* alleged, among other things, that Millennium products did not contain antioxidants as advertised and that they would not have bought

Millennium products had they known the products allegedly did not contain antioxidants. *Id.* Because there was no labeling change that could make the plaintiffs purchase the products, in their current formulation, again, the Court dismissed their claims for injunctive relief for lack of standing. *Id.* ("The Court agrees that stating that Plaintiffs would purchase beverages with a different formulation in the future (i.e., beverages with FDA recognized antioxidant nutrients) does not allege that Plaintiffs would purchase the beverages at issue in this litigation because the reformulated beverages would be different products."). The same result is warranted here, where plaintiffs allege that they would not have purchased the accused products had they known that the products purportedly contain more than 0.5% alcohol by volume. (FAC ¶¶ 14, 120, 146(a).)

Because plaintiffs cannot assert claims for injunctive relief in their individual capacity, they also lack standing to assert such claims on a class-wide basis. *Hodgers-Durgin v. De la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) ("Unless the named plaintiffs are themselves entitled to seek injunctive relief, they may not represent a class seeking that relief.").

## IV. CONCLUSION

For the reasons stated above, Millennium respectfully seeks an order dismissing all of plaintiffs' claims for failure to plead their claims with the detail required by Rules 8(a) and 9(b) and dismissing plaintiffs' claims for injunctive relief.

Dated: June 24, 2016

O'MELVENY & MYERS LLP

By: Scott M. Voelz
Scott M. Voelz
Attorneys for Defendants
Millennium Products, Inc. and
George Thomas "GT" Dave